In re Kevin E. LEE and Janis E. Lee, Debtors.

THORP CREDIT INC. OF MARYLAND, Plaintiff,

v.

Janis Elaine LEE, Defendant.

Bankruptcy No. 84–B–0785.
Adv. No. 85–0106B.

United States Bankruptcy Court,
D. Maryland.

July 3, 1985.

Murray I. Resnick, Lyle A. Bakst, Resnick & Abraham, Baltimore, Md., for plaintiff.

Lawrence O. Burman, Catonsville, Md., for debtor/defendant.

## OPINION AND ORDER DENYING DEMAND FOR JURY TRIAL

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter comes before the United States Bankruptcy Court for the District of Maryland at Baltimore upon the demand of the debtor/defendant Janis Elaine Lee for a trial by jury upon the instant complaint to determine dischargeability of debt. For the reasons stated herein, the demand for jury trial is denied.

### FINDINGS OF FACT

1. The defendant, Janis E. Lee, and her husband, Kevin E. Lee, filed a joint Chapter 13 bankruptcy petition in this Court on May 14, 1984.

2. Upon their failure to make plan payments, their case was converted to a proceeding under Chapter 7 by Order of this Court dated March 4, 1985.

3. On April 24, 1985, the instant complaint to determine dischargeability of debt was filed against the debtor, Janis E. Lee, by the plaintiff, Thorp Credit Inc. of Maryland.

4. The complaint alleges that the defendant obtained a loan in the amount of $3,744 from the plaintiff based upon a materially false financial statement, and seeks a determination that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

5. The debtor filed an answer [P. 7] on May 8, 1985, upon which she endorsed a demand for trial by jury.

6. By Order [P. 8] dated May 14, 1985, the instant complaint was consolidated for trial with Motion No. M85–0279B filed by the debtors to avoid the lien of Thorp Credit Inc. of Maryland.

7. The debtors received a discharge in bankruptcy on July 2, 1985, which did not affect the debt of the plaintiff by reason of the instant adversary complaint which was pending on that date.

## CONCLUSION OF LAW

1. The debtor, Janis S. Lee, is not entitled to a jury trial upon the instant complaint.

2. The instant complaint is a "core proceeding" arising under Title 11 of the U.S. Code which this Court may hear and determine, and in which this Court may enter appropriate orders and judgments, according to 28 U.S.C. § 157(b)(2)(I):

> (2) Core proceedings include but are not limited to—
>
> (I) determinations as to the dischargeability of particular debts[.]

3. Core proceedings are those matters of estate administration over which Congress expressly provided bankruptcy courts jurisdiction in the 1984 amendments. 28 U.S.C. § 157(b)(2) (A–O).

4. The subsection of 28 U.S.C. § 157 quoted above is applicable to the instant complaint, having been enacted by the U.S. Congress as a part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ["B.A.F.J.A."], P.L. 98–353, in response to the decision of the U.S. Supreme Court in the landmark case of *Northern Pipeline Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held unconstitutional the broad jurisdiction granted to bankruptcy courts by the Bankruptcy Reform Act of 1978, P.L. 95–598.

5. The legislative history of B.A.F.J.A. supports the analogy between core proceedings under the current law and summary jurisdiction exercised by bankruptcy courts in the pre-Code days under the Bankruptcy Act of 1898, as amended. The Senate Conference Report on the 1984 amendments (130 Cong.Rec. S8887–8900, daily ed. June 29, 1984) states that bankruptcy judges should exercise summary jurisdiction over core proceedings pursuant to 28 U.S.C. § 157(b).

6. In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), decided under the Bankruptcy Act of 1898, as amended, the U.S. Supreme Court held that issues which were traditionally legal as opposed to equitable in nature, but which were necessary to the administration of the bankruptcy estate, became subject to the equitable powers of the bankruptcy referee and were within the traditional summary jurisdiction of the bankruptcy court.

7. While the Seventh Amendment of to the U.S. Constitution guarantees parties the right to a trial by jury in matters at law, case law has held that bankruptcy courts are courts of equity. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Young v. Higbee Co.*, 324 U.S. 204, 65 S.Ct. 594, 599, 89 L.Ed. 890 (1945); *Columbia Foundry Co. v. Lochner*, 179 F.2d 630 (4th Cir.1950); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

8. The Supreme Court held *Katchen v. Landy, supra*, that there is no right to a jury trial in the bankruptcy court even if the same matter could be tried by a jury elsewhere. *See also In re Graham*, 747 F.2d 1383, 1387–89 (11th Cir.1984).

9. There is persuasive authority for the proposition that no right to a jury trial exists in core proceedings because Congress intended for them to be heard by the bankruptcy court without a jury. *In re Best Pack Seafood*, 45 B.R. 194 (Bankr.Me. 1984).

10. For these reasons, it is herein determined that the defendants have no right to a jury trial. This matter will be set down for a bench trial as soon as possible.

IT IS SO ORDERED.