In re ANSWERFONE, INC., Debtor.

Charles Darwin DAVIDSON,
Trustee, Plaintiff,

v.

Joe L. LIMERICK, III, Defendant.

Bankruptcy No. LR 83–842M.
Adv. No. 85–105M.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

April 25, 1986.

Charles D. Davidson, Little Rock, Ark., Trustee.

Geoffrey B. Treece, Davidson Law Firm, Ltd., Little Rock, Ark., for trustee.

David L. Williams, Rose Law Firm, P.A., Little Rock, Ark., for defendant.

### ORDER ALLOWING AMENDED COMPLAINT

JAMES G. MIXON, Bankruptcy Judge.

On March 7, 1985, the trustee filed this adversary proceeding against the defendant, Joe L. Limerick, III. The complaint alleges jurisdiction pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). The original complaint alleged breach of contract, breach of fiduciary duty to the corporate debtor and fraud. The relief sought was a denial of defendant's claim.

The trustee has filed a motion to amend the original complaint. The proposed amended complaint adds an allegation that the debtor transferred $206,271 to the defendant which constituted a preferential transfer and that the defendant violated 18 U.S.C. § 1961, *et seq.*, Racketeering Influenced and Corrupt Organization Act (RICO Act). The trustee asserts the RICO Act as an additional ground to recover the $206,-271 which is the amount sought in the preference action. The amended complaint alleges damages as a result of the racketeering activity of $303,621 and prays for treble damages, costs and attorneys' fees. The proposed amendment is not clear whether the alleged damage of $303,621 includes the alleged preferential payment.

The defendant opposes the motion to file an amended complaint and raises several objections. The defendant asserts that the bankruptcy court lacks jurisdiction over the portion of the claim based on the RICO Act, that the trustee lacks standing and that the complaint does not allege a cause of action. The defendant further alleges that he has the right to a jury trial and asserts that the bankruptcy court does not have the power to conduct a jury trial. The defendant also alleges that 28 U.S.C. § 157(d) requires the bankruptcy court to abstain from hearing the RICO complaint.

### I

### PROPOSED AMENDED COMPLAINT

The RICO cause of action involves the use of wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341, in connection with a scheme to defraud the debtor prior to the filing of the petition. The complaint seeks the civil remedy provided in 18 U.S.C. § 1963(c). The complaint alleges a valid cause of action under this section. *Bennett v. Berg*, 710 F.2d 1361 (8th Cir.1983), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). A cause of action which exists in favor of the estate is property of the estate. 11 U.S.C. § 541(a)(1); *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

The procedural context in which this adversary proceeding arises is confusing. The substance of these proceedings is in the nature of a counterclaim against a creditor who has filed a claim and in the nature of an objection to the claim. *See* 11 U.S.C. § 502(d). The trustee, however, filed as a plaintiff this adversary proceeding alleging that the claim should be disallowed because it was obtained by fraud in violation of 11 U.S.C. § 548.

 The trustee's proposed amended objection is an objection to a claim and asserts a counterclaim for damages and a setoff of an alleged preferential transfer against any allowed amount of the defendant's claim. These types of matters were specifically designated by Congress as core proceedings which a bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(2)(B), (C), and (H). The fact that some of the issues raised will be determined by reference to state law or federal non-bankruptcy law does not, standing alone, defeat the court's jurisdiction. *In re DeLorean Motor Company*, 49 B.R. 900 (Bkrtcy.E.D.Mich.1985); *In re Tom Carter Enterprises, Inc.*, 44 B.R. 605 (C.D.Cal. 1984). The jurisdiction of bankruptcy cases and proceedings is vested in the district court and automatically referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and United States District Court Local Rule 32.

 The defendant objects to the motion to file an amended complaint alleging that

the amended complaint alleges issues subject to the mandatory abstention provisions of 28 U.S.C. § 157(d). However, mandatory abstention issues pursuant to 28 U.S.C. § 157(d) are resolved by the district court rather than the bankruptcy court.

## II

### STANDING

 The defendant's argument that the trustee lacks standing to bring the RICO suit is frivolous. *See In re DeLorean Motor Company,* 49 B.R. at 900.

## III

### JURY TRIAL

 The defendant's argument that this Court lacks jurisdiction because some of the issues may be triable to a jury lacks merit. Matters which are core proceedings may be tried by a jury in bankruptcy court if the right to a jury exists pursuant to Article VII of the United States Constitution. *See Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985); *In re Gibbons Construction, Inc.,* 46 B.R. 193 (E.D.Ky.1984); *In re Smith-Douglas, Inc.,* 43 B.R. 616 (Bkrtcy.E.D.N.C.1984); *In re L.A. Clarke and Son, Inc.,* 51 B.R. 31 (Bkrtcy.D.C.1985); *In re Morse Elec. Co., Inc.,* 47 B.R. 234 (Bkrtcy.N.D.Ind.1985); *In re Arnett Oil, Inc.,* 44 B.R. 603 (N.D.Ind. 1984); *In re Lombard-Wall, Inc.,* 48 B.R. 986 (S.D.N.Y.1985); *In re River Transportation Company,* 35 B.R. 556 (Bkrtcy.M.D. Tenn.1983); *In re Martin Baker Well Drilling, Inc.,* 36 B.R. 154 (Bkrtcy.D.Me. 1984); *Matter of Baldwin-United Corporation,* 48 B.R. 49 (Bkrtcy.S.D.Ohio 1985); *In re Energy Resources Co., Inc.,* 49 B.R. 278 (Bkrtcy.D.Mass.1985); *In re Duncan,* 51 B.R. 71 (Bkrtcy.D.My.1985); *In re Bokum Resources Corp.,* 49 B.R. 854 (Bkrtcy. D.N.M.1985); *In re Rodgers & Sons,* 48 B.R. 683 (Bkrtcy.E.D.Okla.1985); *Matter of Paula Saker & Co., Inc.,* 37 B.R. 802 (Bkrtcy.S.D.N.Y.1984); *In re Boss-Linco Lines, Inc.,* 55 B.R. 299 (Bkrtcy.W.D.N.Y. 1985). *But see In re Lee,* 50 B.R. 683 (Bkrtcy.Md.1985); *In re Best Pack Sea-*

*food, Inc.,* 45 B.R. 194 (Bkrtcy.D.Me.1984); *In re American Energy, Inc.,* 50 B.R. 175 (Bkrtcy.D.N.D.1985); *In re Proehl,* 36 B.R. 86 (W.D.Va.1984); *In re DeLorean Motor Co.,* 49 B.R. at 900; *Matter of McLouth Steel Corporation,* 38 B.R. 316 (Bkrtcy.E. D.Mich.1984), *aff'd,* 55 B.R. 357 (E.D.Mich. 1985); *In re Graham,* 747 F.2d 1383 (11th Cir.1984); *In re Minton Group, Inc.,* 43 B.R. 705 (Bkrtcy.S.D.N.Y.1984); *In re Country Junction, Inc.,* 41 B.R. 425 (W.D. Tex.1984); *In re Lee,* 50 B.R. 683 (Bkrtcy. D.Md.1985). United States District Court Local Rule 32(e) requires the permission of the district court before a jury trial may be held by the bankruptcy court.

The motion for leave to amend is granted without prejudice to any party to file a motion in the district court for an order withdrawing the reference, or an order of mandatory abstention under 28 U.S.C. § 157(d).

IT IS SO ORDERED.