J. BLAINE ANDERSON, Circuit Judge:
 

 American Universal Insurance Company (“American”) appeals from the district court’s affirmance of the bankruptcy court’s denial of its request for a jury trial. Joe and Joan Pugh (the “Pughs”) cross-appeal from the district court’s reversal of an award of attorney’s fees in their favor by the bankruptcy court.
 

 I. MAIN APPEAL
 

 A. Facts
 

 The Pughs operated a commercial fishing business. In November, 1982, they filed á petition for Chapter 11 bankruptcy. In June, 1983, the Pughs purchased from American a marine insurance policy in the amount of $400,000 covering one of their vessels. Four months later, the vessel sank. American paid the policy limits.
 

 In February, 1984, American commenced an adversary proceeding in the Pughs’ pending consolidated bankruptcy cases claiming that the Pughs had intentionally caused the sinking of the vessel in order to defraud American. American’s complaint and amended complaint prayed for money had and received from American and to impose a constructive trust on the proceeds in the Pughs’ possession.
 

 In March, 1984, American timely filed a request for a jury trial in the adversary proceeding before the bankruptcy court. In May, 1984, the bankruptcy court, after a hearing, entered its memorandum opinion and order denying American’s request for a jury trial. A motion for leave to appeal was denied. The adversary proceeding was tried to the court. In September, 1984, the bankruptcy court entered its judgment dismissing the action on its merits.
 

 American filed a notice of appeal with the district court. In May, 1986, the district court affirmed the bankruptcy court and ruled that American was not entitled to a jury trial before the bankruptcy court. 72 B.R. 174 (Bkrtcy.D.Or.1986). American timely appealed to this court. We affirm.
 

 B. Discussion
 

 The single issue raised by American in its appeal is whether it was entitled to a
 
 *1354
 
 jury trial in the adversary proceeding before the bankruptcy court.
 
 [1]
 

 In order to understand the problem and confusion of whether a bankruptcy court is empowered to determine the right to jury trial and empowered to conduct a jury trial, a cursory examination of the recent history of jury trials in bankruptcy courts is appropriate:
 

 In an attempt to resolve, among other things, the problems of summary and plenary jurisdiction, the Bankruptcy Reform Act of 1978 [§ 1480(a)] abolished those jurisdictional distinctions and authorized the bankruptcy court to conduct jury trials in cases and proceedings. [§ 1480(a)] did not enlarge or diminish the right to jury trial but only allowed a bankruptcy court to hear jury trials.
 

 On June 28, 1982, the Supreme Court held in
 
 Northern Pipeline Construction Company v. Marathon Pipe Line Co. (Marathon)
 
 458 U.S. 50, [102 S.Ct. 2858, 73 L.Ed.2d 598] (1982) that the granting of Article III powers to the bankruptcy courts was an unconstitutional delegation of Article III powers....
 

 The Emergency Rule of Reference promulgated by the Judicial Conference and adopted by the District Courts as a local rule, in response to
 
 Marathon,
 
 prohibited bankruptcy judges from conducting jury trials. No interpretative comments accompanied this rule nor were any reasons for this prohibition made apparent.
 

 On August 1, 1983, the new Bankruptcy Rules of Procedure became effective. The Bankruptcy Rules were recommended by the Judicial Conference of the United States and prescribed by the Supreme Court of the United States pursuant to Section 2075, Title 28, United States Code and therefore are accorded the force and effect of law. To add to the confusion over the issue of jury trials, Bankruptcy Rule 9015 sets forth detailed provisions for Bankruptcy Judges conducting Jury Trials. Rule 9015(b)(3) expressly vests the Bankruptcy Court with the power in Code cases to “determine whether there is a right to trial by jury of the issues for which a jury trial is demanded.... ” [T]he bankruptcy courts have determined the issue of the right to jury trial under the Code and even while under the auspices of the Emergency Rule. See, e.g.,
 
 Periera v. Checkmate Communications Co.,
 
 21 B.R. 402, 403 (D.E.D.N.Y.1982);
 
 In re Newman,
 
 14 B.R. 1014 (Bankr.S.D.N.Y.1981);
 
 Busey v. Fleming,
 
 8 B.R. 746, 7 B.C.D. 252 (Bankr.N.D.Ga.1980).
 

 ******
 

 The Bankruptcy Amendments and Federal Judgeship Act of 1984 was enacted July 10, 1984. There is no prohibition under the Amendments against jury trials being conducted by the bankruptcy court. The Amendments are silent on the right of the debtor, trustee, or creditors to jury trials in cases and proceedings. Title 28 U.S.C. § 1411(a) states “[T]his chapter and Title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim.”
 

 In re Rodgers & Sons, Inc.,
 
 48 B.R. 683, 685 (Bkrtcy.E.D.Okla.1985) (Footnotes omitted).
 

 Prior to the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (“the Amendments”), the starting place for analysis of the right of a jury trial in bankruptcy court was § 1480(a), contained in the Bankruptcy Reform Act of 1978. There is some uncertainty over the fate of § 1480 since the Amendments failed to specifically repeal that section of the
 
 *1355
 
 Reform Act. Various courts have held that § 1480 did not survive the Act of 1984; either it never became effective or it was repealed.
 
 Hauytin v. Grynberg,
 
 52 B.R. 657, 660 (Bkrtcy.D.Colo.1985);
 
 In re Bokum Resources Corp.,
 
 49 B.R. 854, 867 (Bkrtcy.D.N.M.1985);
 
 In re O’Bannon,
 
 49 B.R. 763, 766 (Bkrtcy.M.D.La.1985). Regardless, after
 
 Marathon
 
 was decided on June 28, 1982, § 1480 was in doubt.
 

 The Bankruptcy Amendments and Federal Judgeship Act of 1984 provided that it would “not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful tort claim.” 28 U.S.C. § 1411(a). This provision, however, did not apply to “cases” under the Bankruptcy Title that were pending on July 10, 1984 “or to proceedings arising in or related to such cases.” Pub.L. 98-353 § 122. The Pughs filed their bankruptcy petition on November 2, 1982. American’s proceeding against the Pughs does not fall within § 1411, both by reason of the nature of American’s suit and by reason of the exception as to cases pending on July 10, 1984.
 

 American requested a jury trial in March of 1984, after
 
 Marathon
 
 had placed § 1480 in doubt. As a consequence, the only rule, act, statute, or other controlling authority in effect at the times relevant to this case was Bankruptcy Rule 9015. The question, then, is whether under the provisions of this rule, the bankruptcy court erred in denying American’s request for a jury trial.
 

 At the outset, it is important to emphasize that there is a distinction between the power of a bankruptcy court to
 
 conduct
 
 a jury trial and the power of that court to determine whether there is a
 
 right
 
 to a jury trial. Much of the controversy, and most of the arguments raised by the Pughs, go to the power of the bankruptcy courts to
 
 conduct
 
 a jury trial. Because we find below that American is not entitled to a jury trial, we need not address this issue.
 

 A bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded. B.R. 9015(b)(3);
 
 In re Energy Resources Co., Inc.,
 
 49 B.R. 278, 281 (Bkrtcy.D.Mass.1985). In deciding whether a litigant has the right to a jury trial in a bankruptcy proceeding, some courts continue to analyze whether the action in question would have been a summary proceeding (requiring no jury trial) or a plenary proceeding (requiring a jury trial).
 
 In re Energy Resources,
 
 49 B.R. at 281;
 
 In re Portage Associates,
 
 16 B.R. 445, 447 (Bkrtcy.N.D.Ohio 1982). This distinction was established under § 1480(a). The recent trend has been to abandon this summary/plenary distinction in favor of deciding whether a litigant is entitled to a jury trial based on the nature of the cause of action (i.e., is the cause of action one of law or equity?).
 
 In re Energy Resources,
 
 49 B.R. at 281;
 
 In re Hinkley,
 
 58 B.R. 339, 345 (Bkrtcy.S.D.Texas 1986);
 
 Hauytin,
 
 52 B.R. at 660;
 
 In re Country Junction, Inc.,
 
 41 B.R. 425, 431 (Bkrtcy.W.D.Texas 1984),
 
 aff'd,
 
 798 F.2d 1410 (5th Cir.1986) (analyzing right to jury trial under both tests);
 
 In re First Intern. Services Corp.,
 
 37 B.R. 856, 859-60 (Bkrtcy.D.Conn.1984) (both tests used). We find the trend toward the law/equity test persuasive and hereby adopt that test.
 
 [2]
 

 Under the law/equity test, the determination of entitlement to a jury trial depends on the nature of the issue to be tried rather than the character of the overall action.
 
 Hauytin,
 
 52 B.R. at 661. Generally, three factors are applied in determining whether the nature of the claim is legal or equitable: “first, the pre-merger custom [of the separate law and equity courts] with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries.”
 
 Id.
 
 (quoting
 
 Ross v.
 
 Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970)).
 

 
 *1356
 
 Prior to the merger of law and equity, there were no bankruptcy courts, so there is no pre-merger custom to examine. However,
 
 “
 
 ‘the proceedings of bankruptcy courts are inherently proceedings in equity.’ ”
 
 In re Country Junction,
 
 41 B.R. at 429 (quoting
 
 Katchen v. Landy,
 
 382 U.S. 323, 336-37, 86 S.Ct. 467, 476-77, 15 L.Ed.2d 391 (1966)).
 

 American’s amended complaint prayed for money had and received by the Pughs, for the imposition of a constructive trust upon all funds received, and for an accounting. The imposition of a constructive trust is purely an equitable remedy and equitable remedies are not triable of right by a jury.
 
 In re First Financial Group of Texas, Inc.,
 
 11 B.R. 67, 70 (Bkrtcy.S.D.Texas 1981). Moreover, an accounting is an equitable remedy.
 
 In re Energy Resources,
 
 49 B.R. at 282.
 

 American argues that because it is asking for monetary relief in the amount of $400,000, the remedy it requests is legal. Where monetary relief must necessarily be a part of the equitable remedy, the case remains equitable in nature.
 
 Whitlock v. Hause,
 
 694 F.2d at 863;
 
 In re Energy Resources,
 
 49 B.R. at 287. Even though American’s complaint seeks monetary relief, the action is nonetheless equitable in nature because, “where a plaintiff seeks to recover monies alleged to be wrongfully withheld, the basis for such an action is wholly equitable.”
 
 In re Energy Resources,
 
 49 B.R. at 282. For example, “where a cause of action seeking monetary relief is integral to the equitable relief sought, such as the imposition of a constructive trust ... the action lies in equity with no right of jury trial.”
 
 Matter of Paula Saker & Co.,
 
 37 B.R. 802, 808 (Bkrtcy.S.D.N.Y.1984). In the case at bar, American is not asking for $400,000 in damages. Rather, it is asking for the return of money wrongfully received and held and it asks the court to accomplish this through an equitable constructive trust. American’s action is one in equity in which it is not entitled to a jury trial. The district court did not err in affirming the bankruptcy court’s denial of American’s request for a jury trial.
 

 II. CROSS-APPEAL
 

 A. Facts
 

 The Pughs cross-appeal the district court’s reversal of an award of attorney’s fees to them by the bankruptcy court.
 

 The Pughs petitioned for an award of attorney’s fees after the bankruptcy court entered judgment in favor of the Pughs on the merits of American’s claims. The Pughs sought attorney’s fees under ORS 743.114,
 
 [3]
 
 the Oregon attorney fees statute. They also sought attorney’s fees under Bankruptcy Rules 7054 and 9011 based upon American’s alleged bad faith conduct of the litigation.
 

 The bankruptcy court entered an order and supplemental judgment awarding the Pughs $63,109 in attorney’s fees pursuant to ORS 743.114. The bankruptcy court did not reach the issue of whether to award attorney’s fees because of American’s alleged bad faith litigation. The district court ruled that the Pughs were not entitled to attorney’s fees under ORS 743.114. The Pughs cross-appealed. We affirm.
 

 B. Discussion
 

 1. ORS 743.114
 

 At the core of the controversy surrounding the attorney’s fee issue are the three findings of fact made by the bankruptcy court:
 

 1. American failed to settle the Pugh’s claims within six months of the filing of the proof of loss;
 

 
 *1357
 
 2. The underlying action was based on the insurance policy issued by American and insuring the Pughs; and,
 

 3. The Pughs recovered an amount in excess of that tendered by American.
 

 These findings may be overturned only if they are clearly erroneous. Fed.R.Civ.P. 52(a);
 
 Ragsdale v. Haller,
 
 780 F.2d 794, 795 (9th Cir.1986).
 

 A party may recover attorney’s fees under ORS 743.114 only if settlement under the insurance policy is not made within six months from the date of proof of loss. American paid the Pughs the full $400,000 under the insurance policy within six weeks of the Pugh’s claim. The Pughs contend, however, that American’s actions throughout the remainder of the statutory six-month period (i.e., filing the adversary proceeding, seeking an injunction, and asking for a constructive trust) demonstrated that the payment was not a tender and the claim was not, in fact, settled.
 

 The policy behind ORS 743.114 “ ‘is to encourage the settlement of claims and to discourage the unreasonable rejection of claims of insurers.’ ”
 
 Stanford v. American Guaranty Life Ins. Co.,
 
 281 Or. 325, 574 P.2d 646, 647 (1978) (quoting
 
 Heis v. Allstate Ins. Co.,
 
 248 Or. 636, 436 P.2d 550, 553 (1968)). There was no unreasonable rejection of claims or withholding of funds by American. It fully and unconditionally paid the claim within six weeks. It was only when American later discovered that fraud was allegedly involved that it pursued recovery of that payment.
 

 The Pughs contend that there was no “tender” by American of the $400,000 because of American’s later-held position that the Pughs had no interest in the proceeds and simply held the money in constructive trust for American. However, at the time American turned the proceeds over to the Pughs, there were no strings attached. Had American been worried, it could have tendered the proceeds to the court and pursued a declaratory judgment. American’s subsequent institution of legal proceedings to recover the proceeds does not affect the validity of American’s original tender. The bankruptcy court was clearly erroneous when it found that American had not settled the claim within the relevant six-month period. The district court properly reversed this finding of fact.
 

 Furthermore, in order to be awarded attorney’s fees under this statute, the underlying action must be brought upon a policy of insurance. American claims that because it sued for money had and received, and fraud, the claims were not based upon the insurance policy. However, the main remedy sought in this case is the imposition of a constructive trust upon the proceeds of the insurance policy. American’s own pleadings alleged and sought to prove that the Pughs were not entitled to payment under the insurance policy. The bankruptcy court was not clearly erroneous in finding that the underlying action was based on the insurance policy.
 

 Finally, in order to be awarded attorney’s fees under ORS 743.114, a party must recover an amount in excess of that tendered. American tendered $400,000. The Pughs received a judgment allowing them to keep that $400,000. It is clear that the Pughs did
 
 not
 
 receive an amount in excess of the $400,000 tendered by American. Therefore, the bankruptcy court was clearly erroneous to find otherwise. Two of the three pre-requisites to recovering attorney’s fees under ORS 743.114 are missing. The district court, therefore, correctly reversed the award of attorney’s fees by the bankruptcy court to the Pughs under this statute.
 

 2. Bankruptcy Rules 7054, 9011—Bad Faith Litigation
 

 The Pughs argue that they are also entitled to an award of attorney’s fees because of American’s bad faith attempts to delay trial.
 
 See
 
 B.R. 7054, 9011. At the hearing on the attorney’s fees issue, the bankruptcy court determined American’s various last minute motions were taken in bad faith:
 

 The Court’s very much concerned, however, about the last-minute Motion to Abstain, and attempted appeal therefrom, that was filed just several days
 
 *1358
 
 before the trial in this case. Mr. Benett has attempted to argue that this was done because, after all, we had a new bankruptcy law. Well, as Counsel are aware, the new bankruptcy law became law on July 10th; this motion was filed in September. I can go through the file and find the exact date, but as I recall it was just two or three judicial days before the trial.
 

 [[Image here]]
 

 Therefore,
 
 the Court must consider that the last-minute filing of these motions was in bad faith.
 
 I think that if there’s any doubt in that, it was confirmed by the fact that after this Court denied both of those motions, that the Plaintiff filed a Notice of Intent to Appeal; argued before the Court that the notice automatically stayed the trial until the District Court could resolve the matter. And as I recall — I’m probably not in a position to quote, verbatim — but
 
 I recall making the remark to Plaintiffs Counsel that if the motion’s granted, it’s granted; if it’s denied, it’s granted if you file a Notice of Appeal. The response to that was something to the effect that, ‘That’s correct, Your Honor.
 

 * * * * * *
 

 Clearly, the last minute attempt, if nothing else, was done in bad faith in this case; the last-minute attempts to postpone the trial, with no basis for these last-minute attempts, certainly were in bad faith.
 

 (Transcript of Proceedings, October 29, 1984, at 45-47; Bankr. CR 84; emphasis added).
 

 The bankruptcy court did not award the Pughs fees or costs for American’s bad faith tactics, however, because it awarded the Pughs fees under ORS 748.114 of the Oregon Insurance Code.
 
 [4]
 

 We affirm the judgment of the district court affirming the bankruptcy court’s denial of American’s request for a jury trial and reversing the bankruptcy court’s award of fees under ORS 743.114. Because the bankruptcy court did not reach the issue of possible bad faith litigation by American, we remand to the bankruptcy court for a determination of this issue.
 

 AFFIRMED and REMANDED.
 

 [1]
 

 . The Pugh's argument that this court need not address this issue because the ground urged for reversal was not presented to the courts below is meritless. It is patently obvious from the record that the right to jury trial issue was raised below by American. Furthermore, the Pugh’s contention that in the courts below American relied solely on 28 U.S.C. § 1480(a) as the statutory basis of its right to a jury trial but has, on appeal, changed its argument to rely on Bankruptcy Rule 9015, is not supported by the record.
 
 See
 
 Bankruptcy Court's Memorandum Opinion and Order, Excerpt of Record, p. 39. (“Plaintiff [American] further contends that it has not waived its right to jury trial as Bankruptcy Rule 9015 applies and that plaintiff's request for jury trial has been timely made.”).
 

 [2]
 

 . Even if we were to decide this case under the summary/plenary test, American would not prevail. American’s action is a summary action because it involves property (insurance proceeds) actually or constructively in the possession of the bankrupt.
 
 See Whitlock v. House,
 
 694 F.2d 861, 862 (1st Cir.1982).
 

 [3]
 

 . ORS 743.114 provides in pertinent part:
 

 Recovery of attorney fees in action on policy or contractor’s bond. If settlement is not made within six months of the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff’s recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon.
 

 [4]
 

 . The bankruptcy court held:
 

 "In light of this opinion, we need not discuss nor resolve the issue raised by defendants that plaintiff has delayed and increased the costs of this litigation in bad faith."