**In re GLOBAL INTERNATIONAL AIR-WAYS CORPORATION, Debtor.**

**GLOBAL INTERNATIONAL AIRWAYS CORPORATION, By and Through its UNSECURED CREDITOR'S COMMIT-TEE, Plaintiff,**

**v.**

**Farhad AZIMA, et al., Defendants.**

**No. 87–0179–CV–W–3.**

United States District Court,
W.D. Missouri, W.D.

Jan. 12, 1988.

Paul D. Sinclair, Kansas City, Mo., for plaintiff.

Howard D. Lay, Daniel Flanigan, Kansas City, Mo., for defendants.

**ORDER DENYING DEFENDANTS' MO-TION TO RECONSIDER ORDER DENYING WITHDRAWAL OF REF-ERENCE**

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendants' motion for reconsideration of the Court's order refusing to withdraw reference of this bankruptcy adversary proceeding. This action first came before the Court on the bankruptcy court's report and recommendation that reference of the adversary action should be withdrawn. The Bankruptcy Court recommended that reference of

the entire action be withdrawn except for the portion of the complaint which sought recovery for unauthorized post petition transfers pursuant to 11 U.S.C. § 549. It recommended withdrawal of reference of the nonbankruptcy, state law claims because the defendants intended to demand a jury trial on those issues and the bankruptcy court was uncertain as to its power to adjudicate such claims given the *Marathon* decision. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Shortly after the report and recommendation was filed in the district court, the defendants filed a motion to withdraw reference of the entire adversary action. However, the defendants filed the motion in a different division of this court under another case number.[1] The motion was later transferred to this division when the defendants' mistake was discovered.[2] Before the defendants' motion to withdraw was physically transferred to this division, the Court issued an order refusing to withdraw reference because the bankruptcy court had withdrawn its report and recommendation.[3] Thereafter, the defendant filed the motion to reconsider which is now before the Court.

## I.

Defendant Farhad Azima is the former principal owner of debtor Global International Airways Corporation ("Global"). In 1983, Global filed for reorganization under Chapter 11 of the federal bankruptcy laws. 11 U.S.C. §§ 1101 *et seq.* Pursuant to the reorganization plan approved by the bankruptcy court, Global's stock was cancelled and new shares in the company were issued to Azima, making Azima sole owner of the new company which will be referred to as "New Global".

This adversary action was filed on behalf of Global by and through its unsecured creditors committee against Azima, New Global and Middle East Leasing Corporation. The amended complaint states that at the time of confirmation of Global's reorganization plan, it was represented to the bankruptcy court that Global's only assets were three airplanes and a FAA certificate. Thus, these were the only assets transferred to New Global under the reorganization plan. However, the amended complaint alleges that Global owned 11 to 17 airplane engines and other various spare parts worth hundreds of thousands of dollars which were not revealed to the bankruptcy court. The amended complaint alleges that the engines and parts are in possession of the defendants and other third parties.

Count I of the amended complaint asks the Court to issue orders pursuant to 11 U.S.C. § 549 and § 550 requiring turnover

1. The defendants' motion to withdraw reference was filed in Case No. 87–00010–CV–W–0. That case, which is now closed, was an appeal filed by the defendants objecting to a ruling of the bankruptcy court. At around the same time, the defendants wrongly filed three other motions in Case No. 87–00010–CV–W–0 which were transferred to this division along with the motion to withdraw reference. The other three motions address issues which are not related to withdrawal of reference of the instant adversary proceeding and thus are not properly before this Court either. The motion to dismiss and the motion to vacate, alter, or amend judgment are obviously directed toward the bankruptcy court and should have been filed only there. The motion to disqualify special counsel, Phil D. Sinclair, involves the same issues presented to the Court in Case No. 87–00010–CV–W–0 and the Court cannot and will not address them in this action. The Court requests that the defendants' counsel make a special effort to ensure that future motions are filed in the correct court and division and only in that court and division.

2. The mistake was noticed by the Honorable Ross T. Roberts approximately one month after the motions were filed and he issued an order transferring all four motions to this division. However, for reasons unknown, the motions were not physically present in this division until at least six weeks after Judge Roberts issued the order to transfer them. Thus, this Court was not aware of defendants' motion to withdraw reference until at least two and one half months after it was filed and, unfortunately, not until after the Court had issued its order denying withdrawal of reference.

3. The bankruptcy court withdrew its report and recommendation because it had granted the plaintiff's motion to amend the complaint to remove all state law, non-bankruptcy issues, thus making the bankruptcy court's report and recommendation moot.

of all assets received by defendants from Global or in the alternate, if any of the assets have been sold, the proceeds of their sale. Count I also asks the Court to interpret the order of confirmation, bankruptcy reorganization plan, and disclosure statement and to issue an order voiding any sale of assets other than the three aircrafts, the FAA certificate, and the corporate stock. Count II requests a temporary restraining order and/or preliminary injunction preventing the transfer of certain assets by defendants.[4]

Defendants make five arguments which they contend dictate withdrawal of reference. Each will be addressed separately below.

## II.

Defendants argue that reference should be withdrawn because they are entitled to a jury trial and bankruptcy courts cannot conduct jury trials.

The first issue which must be addressed is whether or not defendants are entitled to a jury trial in an action seeking recovery of assets under 11 U.S.C. § 549. There are two lines of thought regarding how a court should address such a question.

One view is that jury trials are not permitted in "core" proceedings. *See In re I.A. Durbin, Inc.*, 62 B.R. 139, 145 (S.D. Fla.1986); *In re Mansker*, 60 B.R. 803, 806 (Bankr.D.Mass.1986); *In re Duncan*, 51 B.R. 71, 72 (Bankr.D.Md.1985); *In re Baldwin-United Corp.*, 48 B.R. 49, 56 (Bankr.S. D.Oh.1985). The courts adopting this view believe that Congress intended for the distinction between core and non-core proceedings under the current bankruptcy act to parallel summary and plenary jurisdiction of the old bankruptcy act. And, since jury trials were not allowed in summary jurisdiction cases under the old act, and the new act was not intended to change the parties' right to a jury trial in bankruptcy matters, jury trials are not allowed in core proceedings. *In re Mansker*, 60 B.R. at 806, *In re Duncan*, 51 B.R. at 72, *In re Baldwin-United Corp.*, 48 B.R. at 56. Section 549 proceedings are core proceedings. 28 U.S. C. § 157(b)(2)(E). Thus, according to this view, defendants are not entitled to a jury trial.

The other view looks to the nature of the cause of action rather than the summary/plenary, core/non-core distinctions. If the cause of action is legal in nature, a jury trial is permissible, while if it is equitable, one is not. *See, e.g., American Universal Insurance Co. v. Pugh*, 821 F.2d 1352 (9th Cir.1987). There are three factors examined by courts in deciding whether or not a claim is equitable or legal:

(1) The custom with respect to the issue in question prior to the merger of law and equity in the federal system.

(2) The remedy sought.

(3) The practical abilities and limitations of juries.

*Ross v. Bernard*, 396 U.S. 531, 538, n. 10, 90 S.Ct. 733, 738, n. 10, 24 L.Ed.2d 729, 736, n. 10 (1970); *see also American Universal Insurance Co.*, 821 F.2d at 1355; *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 826 (S.D.N.Y.1985).

"Prior to the merger of law and equity, there were no bankruptcy courts, so there is no premerger custom to examine." *American Universal Insurance Co.*, 821 F.2d at 1356. However, as the Ninth Circuit recently noted, " 'proceedings of bankruptcy courts are inherently proceedings in equity.' " *Id.* (quoting *Katchen v. Landy*, 382 U.S. 323, 336–37, 86 S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966)).

■ Plaintiff seeks return of property of the bankruptcy estate airplane engines and spare parts—which were allegedly wrongfully transferred after the debtor's case was commenced. Such an action seeking return of property wrongfully withheld is " 'wholly equitable' ". *Id.* (quoting *In re Energy Resources Co.*, 49 B.R. 278, 282 (Bankr.D.Mass.1985)). The fact that plaintiff's first amended complaint also seeks monetary relief is of no consequence. *In re Rodgers & Sons, Inc.*, 48 B.R. 683, 689 (E.D.Okla.1985); *In re Energy Resources Co. Inc.*, 49 B.R. 278, 282 (Bankr.D.Mass.

---

**4.** The bankruptcy court has apparently issued a preliminary injunction.

1985). The money damages are sought only in the alternative and are intended to take effect only if return of the engines and spare parts is impossible. " '[W]here a cause of action seeking monetary relief is intrical to the equitable relief sought ... the action lies in equity with no right of jury trial.' " *American Universal Insurance Co.*, 821 F.2d at 1356 (quoting *In re Paula Saker & Co.*, 37 B.R. 802, 808 (Bankr.S.D.N.Y.1984)).

The third prong of the law/equity test—the practical abilities and limitations of juries—does not weigh against allowing a jury trial in this action. However, the first two prongs strongly weigh in favor of not allowing a jury trial in this section 549 action and the Court finds that under the law/equity test no right to a jury trial is present in this action.

Because there is no right to a jury trial in this action under either the core/non-core or the law/equity line of cases, the Court finds it unnecessary to adopt one view over the other. Likewise, since there is no right to a jury trial, the Court does not have to reach the question of whether or not bankruptcy courts can conduct jury trials, a matter of much debate. *See In re Energy Resources, Inc.*, 49 B.R. at 281.

### III.

■ The defendants next argue that they intend to file a counterclaim which will inject a state law cause of action into this suit, thus making it not triable by a bankruptcy judge under the *Marathon* decision. The counterclaim will ask "the Court to reform the contract between Global International Airway Corporation and Farhad Azima so that the contract will be consistent with the intent of all relevant parties at the time of confirmation of Global's plan of reorganization, including Global, Azima, the creditors' committee (as it was constituted and represented by counsel at that time) and [former bankruptcy] Judge Joel Pelofsky." This argument is completely without merit.

The agreement between Global and Azima regarding the transfer of Global stock, the three airplanes, and the FAA certificate arose out of Global's bankruptcy case and reorganization plan and is inextricably tied to both the bankruptcy case and the reorganization plan. It is absurd to say that any interpretation or reformation of that agreement would be a state law cause of action. The matter would be one of federal bankruptcy law. The bankruptcy court and not the district court is the proper forum to deal with any such question.

### IV.

■ Defendants next argue that reference should be withdrawn because 28 U.S.C. § 157(b)(2) unconstitutionally assigns Article III jurisdiction to bankruptcy judges. They argue that the distinction made in section 157(b)(2) between core and non-core proceedings does not cure the jurisdictional problems of *Marathon*. Defendants contend that many core proceedings, including those arising under section 549, are Article III cases.

In support of this proposition, defendants cite only to *In re Associated Grocers of Nebraska Cooperative*, 46 B.R. 173 (Bankr. D.Neb.1985). In that case, the bankruptcy court granted a motion to dismiss section 547(b) and section 549(a) claims because it felt that 28 U.S.C. § 157(b)(2)(F) unconstitutionally vests Article III powers in bankruptcy judges.[5] On appeal, the district court held that 28 U.S.C. § 157(b)(2)(F) does not violate Article III and that a bankruptcy court could fully adjudicate both the section 547(b) and section 549(a) claims. *In re Associated Grocers of Nebraska Cooperative*, 62 B.R. 439, 440–447 (D.Neb.1986). The analysis and reasoning of the district court in *In re Associated Grocers of Nebraska Cooperative* is sound and reaches the correct result. The Court therefore adopts that analysis and rejects defendants' argument that section 157(b)(2) is unconstitutional as it applies to this case. *See also In re Chase and Sanborn*, 51 B.R. 734 (Bankr.S.D.Fla.1985); *In re Pro-*

---

**5.** The bankruptcy court later reversed itself with respect to the section 549 claims.

*duction Steel, Inc.*, 48 B.R. 841 (Bankr.M.D.Tenn.1985).

## V.

Defendants' next point involves the bankruptcy court's appointment of Mr. Paul D. Sinclair as special counsel to Global's unsecured creditors committee. Defendants appealed Mr. Sinclair's appointment to the district court in a separate action. They argue that if Sinclair's appointment is invalidated "the validity of the entire proceeding would be in doubt." The Court has since found defendants' objection to Sinclair's appointment to be interlocutory and has denied leave to appeal that issue. Thus, Mr. Sinclair's appointment has not been invalidated and the defendants' argument fails.

## VI.

 Defendants' final argument in favor of withdrawal of reference is that "[o]ne of the important witnesses in the case may be former bankruptcy Judge Joel Pelofsky who presided over the Global case through confirmation of its reorganization plan [and that] [c]ontinued reference of this proceeding to bankruptcy court would place the bankruptcy in the inappropriate position of judging itself." Defendants make only this bold assertion, with no cases or other argument to support it. The Court finds this contention to be totally without merit and rejects it.

## VII.

After considering and rejecting all of the points raised by defendants, the Court finds that its earlier order was correct when issued and remains correct today.

It is therefore ORDERED that defendants' motion to reconsider the order denying withdrawal of reference be DENIED.

It is FURTHER ORDERED that defendants' motion to vacate, alter or amend judgment, motion to dismiss, and second motion to disqualify Paul D. Sinclair, all of which were incorrectly filed in this case and which do not pertain to the issues in this case, are hereby DENIED.

SO ORDERED.