In re KROH BROTHERS DEVELOP-
MENT COMPANY, Kroh Brothers
Equity Company, Debtors.

KROH BROTHERS DEVELOPMENT
COMPANY, Kroh Brothers Equity
Company, Plaintiffs,

v.

Robert D. BAZAN, et al., Defendants.

Bankruptcy Nos. 87–00640–1–11,
87–01265–1–11.

Adv. No. 87–0482–1–11.

United States Bankruptcy Court,
W.D. Missouri.

Oct. 7, 1988.

George M. Bock, Frank Wendt, Peter R. Barr, Slagle & Bernard, Kansas City, Mo., for defendants.

Gerald F. Munitz, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., and James E. Bird, Thomas Franklin, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for debtors and plaintiffs.

Arthur B. Federman, Linde, Thomson, Langworthy, Kohn & VanDyke, P.C., Kansas City, Mo., for Chairman of Creditor's Committee.

David S. Kurts, Mayer, Brown & Platt, Chicago, Ill., and Edward E. Schmitt, Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, Kansas City, Mo., for Creditor's Committee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The plaintiffs, have filed an application for jury trial on the issues asserted in defendants' counterclaim. The question addressed by this Court is whether a right to jury trial exists in a compulsory counterclaim action. This Court concludes that no right to jury trial exists because the compulsory counterclaim is a core proceeding, and therefore is not entitled to a trial by jury.

### FACTS

The underlying complaint in this action is a complaint based on 11 U.S.C. §§ 547 and 548, and declaratory judgment to avoid the transfer of partnership and mortgage interests. It is clear that the underlying complaint is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F) and (H).

Kroh Brothers Development Corporation (KBDC), Kroh Brothers Equity Corporation (KBEC), an individual named Robert D. Bazan, and a corporation known as Chocolate Soup, formed a Missouri limited partnership, Watts Mill Associates, Limited Partnership (Watts Mill Assocs.), on December 1, 1983, for the purpose of acquiring, owning, and operating certain real property improved by a shopping center located in Jackson County, Missouri, commonly described as the Watts Mill Shopping Center. KBDC and KBEC are the debtors-in-possession in these bankruptcy cases. KBDC was the sole general partner while Bazan and Chocolate Soup were the sole limited partners of Watts Mill Assocs. These parties entered into a series of agreements on which this adversary proceeding is based.

Defendants' counterclaim seeks damages, and other relief by reason of plaintiffs' fraud, oppression, negligent misrepresentations, breach of fiduciary duty, breach of contract, and breach of constructive trust based on these series of agreements. Plaintiffs have filed an application for jury trial on the issues raised in defendants counterclaim which application is the subject of this order.

### ISSUES

1. Whether defendants' counterclaim is a core proceeding?

2. If the counterclaim is a core proceeding is there a right to a jury trial?

### DISCUSSION

1. Is defendants' counterclaim a core proceeding?

    A. Defendants' counterclaim is compulsory.

■ Federal Rule of Civil Procedure 13(a) requires a party to raise as a counterclaim any claim against the opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "A claim and counterclaim may arise from the same 'transaction or occurrence' even if they do not involve identical facts. The appropri-

ate test is whether the claims are 'logically related'." *In re Beugen,* 81 B.R. 994 (Bkrtcy.N.D.Cal.1988), *citing, United States v. Heyward—Robinson Co.,* 430 F.2d 1077, 1081 (2d Cir.1970), *cert. denied,* 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971). Under the logical relationship test, the claim and counterclaim in this case arise from the same transaction. Both claims turn on the parties' respective rights and duties under the series of agreements.

■ Defendants assert and this Court agrees that this Court has jurisdiction over the counterclaims asserted pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Bankruptcy rule 7013, and principles of ancillary jurisdiction because the counterclaims arise out of transactions which are included in the transactions that are the subject of the debtors' complaint.

B. Core or Noncore Proceeding

In 28 U.S.C. § 157(b)(1), Congress provided that "[b]ankruptcy judges may hear and determine all ... core proceedings arising under title 11, or arising in a case under title 11 ...".

"It has been held that a counterclaim arising out of the same transaction as that which gave rise to the proof of claim is a core proceeding." 1 Collier on Bankruptcy P3.01, p. 3–44 (15th ed. 1987). "Where a creditor of the estate files a proof of claim and the estate counterclaims against him, or where the estate brings an action against a creditor and the creditor counterclaims asserting a setoff, it is entirely appropriate for the action to be classified as a core proceeding. *Matter of Honeycomb, Inc.,* 72 B.R. 371 (Bkrtcy.S.D.N.Y.1987), *quoting, Interconnect Telephone Services v. Farren,* 59 B.R. 397 (S.D.N.Y.1986).

■ Both parties have consented to the bankruptcy court as the forum in which to litigate their claims. The plaintiffs/debtors by filing a petition in bankruptcy and the defendants/creditors by filing their proof of claim in this bankruptcy proceeding. *See Peters v. Lines,* 275 F.2d 919, 925 (9th Cir.1960); *In re Sun West Distributors, Inc.,* 69 B.R. 861, 864–65, 15

BCD 649 (Bkrtcy.S.D.Cal.1987) (creditor consents to try compulsory counterclaim as a core proceeding by previously filing a claim against the estate); *In re Honeycomb, Inc.,* 72 B.R. 371 (Bkrtcy.S.D.N.Y. 1987). Both Bazan and Chocolate Soup, Inc., filed a proof of claim in this case on February 11, 1988, therefore, they have consented to try their compulsory counterclaim as a core proceeding. Because of its integral connection to the bankruptcy case, this Court finds that defendants' counterclaim is a core proceeding.

2. Do plaintiffs have a right to a jury trial of a counterclaim that is a core proceeding?

■ The courts are split on the issue of whether a bankruptcy court may conduct a jury trial.

One view is that jury trials are not permitted in "core" proceedings. *In re Global Intern'l Airways Corp.,* 81 B.R. 541 (W.D. Mo.1988), citing, *In re I.A. Durbin, Inc.,* 62 B.R. 139, 145 (S.D.Fla.1986); *In re Mansker,* 60 B.R. 803, 806 (Bkrtcy.D.Mass.1986); *In re Duncan,* 51 B.R. 71, 72 (Bkrtcy.D. Md.1985); *In re Baldwin–United Corp.,* 48 B.R. 49, 56 (Bkrtcy.S.D.Ohio 1985). "The courts adopting this view believe that Congress intended for the distinction between core and non-core proceedings under the current bankruptcy act to parallel summary and plenary jurisdiction of the old bankruptcy act. And, since jury trials were not allowed in summary jurisdiction cases under the old act, and the new act was not intended to change the parties' right to a jury trial in bankruptcy matters, jury trials are not allowed in core proceedings." *Global, citing, In re Mansker,* 60 B.R. 803, 806 (Bkrtcy.D.Mass.1986); *In re Duncan,* 51 B.R. at 72, *In re Baldwin–United Corp.,* 48 B.R. 49, 56 (Bkrtcy.S.D.Ohio 1985). *See also, In re Portage Associates, Inc.,* 16 B.R. 445 (Bkrtcy.N.D.Ohio 1982); *In re Mauldin v. Peoples Bank of Indianola,* 52 B.R. 838 (Bkrtcy.N.D.Miss.1985); *In re Best Pack Seafood v. Barnes,* 45 B.R. 194 (Bkrtcy.D.Me.1984); *Hauytin v. Grynberg,* 52 B.R. 657 (Bkrtcy.D.Colo. 1985); *Chase and Sanborn Corp. v. Bank of Credit and Commerce Int'l,* 54 B.R. 43

(Bkrtcy.S.D.Fla.1985). "This reasoning is in accord with *Katchen v. Landy,* 382 U.S. 323, 336–37, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966) where the Supreme Court stated '[t]he Bankruptcy Act, passed pursuant to the power given to Congress by Art. I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claims into an equitable claim....' *See also, In re Chase & Sanborn Corp.,* 835 F.2d 1341 (11th Cir.1988), *cert. granted,* June 13, 1988 ("A core proceeding is a proceeding created by the Bankruptcy Code and is brought in a bankruptcy court, and thus is inherently equitable in nature."). The Court went on to hold that no jury trial is mandated under the 7th amendment in equitable actions and therefore one was not mandated in a summary action by a bankruptcy court." *In re I.A. Durbin, Inc.,* 62 B.R. 139, 145 (S.D. Fla.1986). The majority of courts do not allow jury trials in cases involving core matters. *In re I.A. Durbin, Inc.,* 62 B.R. 139, 145 (S.D.Fla.1986).

"The other view looks to the nature of the cause of action rather than the summary/plenary, core/noncore distinctions. If the cause of action is legal in nature, a jury trial is permissible, while if it is equitable, one is not *See, e.g., American Universal Insurance Co. v. Pugh,* 821 F.2d 1352 (9th Cir.1987). *See also, In re Energy Resources Co.,* 49 B.R. 278 (Bkrtcy.D.Mass. 1985), *citing, In re Minton Group, Inc.,* 43 B.R. 705, 12 B.C.D. 479 (Bkrtcy.S.D.N.Y. 1984); *In re Mozer,* 10 B.R. 1002 (Bkrtcy. D.Colo.1981); *In re PATCO, Inc.,* 23 B.R. 271 (D.D.C.1982).

Because there was no right to a jury trial in *In re Global Intern'l Airways Corp.,* 81 B.R. 541 (W.D.Mo.1988), the court found it unnecessary to adopt one view over the other. Also, since there was no right to jury trial in that case, the court did not have to reach the question of whether or not bankruptcy courts can conduct jury trials. *Id.,* at 544. In this case, however, it is not clear whether the issues asserted in the counterclaim are equitable in nature as opposed to legal. For that reason, this Court finds it necessary to decide which

view this Court will follow in determining whether a jury trial is appropriate in this case. This Court is persuaded by the reasoning in *In re I.A. Durbin, Inc.*, 62 B.R. 139, 145 (S.D.Fla.1986); *In re Mansker*, 60 B.R. 803, 806 (Bkrtcy.D.Mass.1986); *In re Duncan*, 51 B.R. 71, 72 (Bkrtcy.D.Md. 1985); and *In re Baldwin–United Corp.*, 48 B.R. 49, 56 (Bkrtcy.S.D.Ohio 1985).

Therefore, pursuant to the reasoning of that line of cases, since defendants' counterclaim is a core proceeding, it is not entitled to a trial by jury. Plaintiffs' application for jury trial on the issues asserted in defendants counterclaim is denied.

It is so ORDERED.