**In re 2522 SOUTH REYNOLDS CORPORATION, dba Mr. Tony's Spaghetti Factory, Debtor.**

**2522 SOUTH REYNOLDS CORPORATION, dba Mr. Tony's Spaghetti Factory, Plaintiff,**

v.

**David RUSSELL, et al., Defendants.**

**Bankruptcy No. B–77–20.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 26, 1983.

George E. Ferstle, Toledo, Ohio, for plaintiff.

Truman A. Greenwood, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion to Dismiss filed by the Defendant. The Complaint seeks to recover the purchase price for the sale of certain equipment which was sold to the Defendant. In conjunction with their answer to the Complaint, the Defendants have submitted the present Motion. For the reasons set forth below the motion is DENIED.

## FACTS

The Debtor filed a voluntary Chapter XI petition on January 5, 1977. Since it was filed prior to the enactment of the Bankruptcy Reform Act of 1978 the case is, in its entirety, subject to the Bankruptcy Act as it existed on the date the original petition was submitted. On August 5, 1980, pursuant to the confirmed plan of arrangement, the Debtor entered into a contract for the sale of its operating equipment and its liquor license. The property was delivered to the Defendant, however, the purchase price was never received. On August 3, 1982, the case was converted to a proceeding under Chapter VII of the Bankruptcy Act. Several demands have been made of the Defendant for the purchase price, but none have been satisfied. The Complaint, which was filed on April 22, 1983, seeks to recover for the estate the amount stated in the contract.

## LAW

The rejection of executory contracts is addressed in the Bankruptcy Act by 11 U.S.C. § 70(b) which states in pertinent part:

> "b. The trustee shall assume or reject an executory contract ... within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later... Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected..."

The Defendant contends that the Trustee, by failing to accept or reject the contract within the prescribed time, has deemed the contract rejected. Consequently, he would be precluded from prosecuting an action on that agreement.

An interesting question arises as a result of the Defendant's Motion: does a trustee, who is appointed when a Chapter XI case converts to a Chapter VII, have the authority to reject a contract made pursuant to a confirmed plan of arrangement, or is the trustee's power to accept or reject only applicable to contracts which existed prior to the initiation of any bankruptcy proceedings? While it may appear that the outcome of this motion would require a resolution of that question, the facts of the case at hand do not mandate such a finding. As explained below, the answer to that question would not change the outcome of this case.

The authority set forth in 11 U.S.C. § 70(b) applies only to contracts that are of an executory character. The definition of an executory contract is not expressly set forth in the Bankruptcy Act. However, for purposes of bankruptcy, the Courts have regarded an executory contract as an agreement under which the obligations of both parties are so far unperformed that the failure of either to complete performance would constitute material breach, excusing the other from performance. *In re Knutson,* 563 F.2d 916 (8th Cir.1977), *see,* 4A *Collier on Bankruptcy* 14th § 70.53[2]. This contemplates that performance by one party would divest the contract of its executory character and render the trustee's ability to assume or reject inapplicable.

In the present case the contract was for the sale of the Debtor's equipment. The Debtor has substantially fulfilled its portion of the contract by delivering the equipment to the Defendant. Completion of the contract only requires the actions of one party which, in this case, would be the tendering of the purchase price by the Defendant. Since only one party remains obligated by the agreement the contract has lost its executory nature and is beyond the Trustee's authority to accept or renounce. Therefore, the failure to accept or reject within the prescribed time does not foreclose a suit to recover what is owed to the estate. Although the Defendant is not precluded from asserting any other defenses available against the Trustee, a motion to dismiss on the basis of the deemed rejection is not well founded.

In reaching this conclusion this Court has considered all the arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is ORDERED that the Defendant's Motion to Dismiss be, and is hereby, DENIED.