**In re L.A. CLARKE AND SON, INC., Debtor.**

**L.A. CLARKE AND SON, INC., Plaintiff,**

v.

**BULLOCK CONSTRUCTION, INC., Defendants.**

**Bankruptcy No. 83–00166.**
**Adv. No. A84–0201.**

United States Bankruptcy Court, District of Columbia.

March 27, 1985.

Gary Nuckols, Massey & Nuckols, P.C., Fredericksburg, Va., I. Harry Sobol, Washington, D.C., for debtor/plaintiff.

John J. Pyne, McChesney, Pyne & Duncan, Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Plaintiff Debtor-in-Possession filed a complaint to recover an account receivable for goods sold and delivered to defendant during the period after the Chapter 11 petition had been filed. Defendant filed (1) an answer denying liability because (as alleged) plaintiff failed to deliver materials contracted for and (2) a counterclaim alleging that because of plaintiff's failure to deliver the materials defendant was forced to purchase replacement materials at increased cost.

Neither party has raised any challenge to this Court's jurisdiction. Indeed, plaintiff's complaint, ¶ 1, and defendant's counterclaim, ¶ 1, both allege that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Nevertheless, since this is a court of limited jurisdiction, and especially in light of defendant's jury demand made two days after filing its answer and counterclaim, and pursuant to the mandate of 28 U.S.C. § 157(b)(3) for this Court to determine, "on the judge's own motion or on timely motion of a party, whether a pro-

ceeding is a core proceeding ... or a [non-core but] ... related" proceeding, this Court will explore, *sua sponte*, the question of its jurisdiction to hear and determine this proceeding.

If this adversary proceeding is a "core proceeding," then I as a Bankruptcy Judge may "hear and determine" it. 28 U.S.C. § 157(b)(1). If the proceeding is not a core proceeding but "is otherwise related to a [bankruptcy] case," then, unless the parties to the proceeding consent to have me hear and determine it as provided in Title 28 U.S.C. § 157(c)(2), I can hear it but must "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge ... after reviewing *de novo* those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). This cumbersome and time-consuming procedure is obviously impractical for jury trials. Notwithstanding the availability of Federal Rule of Civil Procedure 49(a) (which permits the court to "require a jury to return only a special verdict in the form of a special written finding upon each issue of fact," and which is made applicable by Bankruptcy Rule 9015(f) "when a jury trial is conducted" in bankruptcy court), findings of fact and conclusions of law are normally made only in non-jury trials. Thus, for noncore proceedings, when a jury demand has been made, and absent consent of the parties to entry of final judgment by the bankruptcy judge, considerations of judicial economy and efficiency would normally call for withdrawal of the reference so that a jury trial can be held in district court.[1] As the court observed in *In re Smith-Douglass, Inc.*, 43

---

**1.** Former Local Interim Rule, ¶ d(1)(D), prohibited Bankruptcy Judges from conducting jury trials, even in core proceedings. However, no longer does a valid jury demand by itself automatically require that the District Court's reference of a bankruptcy proceeding to this Court be withdrawn. The former Local Rule is no longer in effect; the Bankruptcy Rules promulgated by the Supreme Court specifically contemplate jury trials in bankruptcy courts (*e.g.*, Rules 9015, 9020(b) and 9027(i)); the 1984 Bankrupt-

cy Amendments and Federal Judgeship Act specifically adverts to the right to trial by jury without in any way indicating that the bankruptcy court unit of the district court is prohibited from conducting jury trials (28 U.S.C. § 1411; *see* 28 U.S.C. § 151); and nothing in the Constitution forbids an Article I federal court from conducting a jury trial. *See Pernell v. Southall Realty Co.*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

 

B.R. 616, 12 B.C.D. 426, 427 (Bankr.E.D.N. C.1984):

> ... [t]he inability of bankruptcy judges to enter final judgments, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical. A party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court.

It seems likely that in this proceeding, by affirmatively alleging in their pleadings that this Court has jurisdiction, both parties have consented to this Court's jurisdiction not only to "hear" but also to "determine" this proceeding, whether it be a core or a noncore proceeding. However, it is not necessary to rest this Court's decision that it has such jurisdiction on that ground.

For it is clear, and I conclude and hold, that this is a core proceeding, and hence this Court may exercise jurisdiction even if both parties had not consented. It is true that both parties' claims arise under State law. But: "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

At least two reasons exist for concluding that this is a core proceeding. First, the general definitional language of 28 U.S.C. § 157(b)(1) provides that a core proceeding is one "arising under title 11, or arising in a case under title 11." This proceeding "aris[es] in a case under title 11," because the claim and counterclaim themselves arose "in [this] case under title 11." All the operative events giving rise to the claim and counterclaim occurred during the period after the Debtor's Chapter 11 petition was filed, while the Debtor was a Debtor-in-possession, and they all involved the activities of the Debtor as Debtor-in-possession, operating under the aegis of this Court's protection and authority. 11 U.S.C. §§ 1107 and 1108; *see* 11 U.S.C. §§ 362–365.

Second, the specific language of 28 U.S.C. § 157(b)(2)(A) and (B) also leads to the conclusion that this is a core proceeding: "Core proceedings include, but are not limited to—(A) matters concerning the administration of the estate; [and] (B) allowance or disallowance of claims against the estate." This adversary proceeding "concern[s] the administration of the estate" since it involves a claim and counterclaim both of which arose during the period of administration of the estate and both of which arose out of the activities of the Debtor-in-possession. And, as to the counterclaim, it involves "allowance or disallowance of [a] claim ... against the estate" since the counterclaim is a claim against the estate.

For all the foregoing reasons, I conclude and SO ORDER that this Court has jurisdiction both to hear and to determine this adversary proceeding.[2]

2. This opinion does not address the issue whether, following the 1984 revision of 28 U.S.C. § 1411, either party is constitutionally or statu-

torily entitled to a jury trial in this proceeding. Neither party has raised that non-jurisdictional issue.