**In the Matter of STOCKERT FLYING SERVICE, INC., Debtor.**

**Harold W. HERSHMAN, Irene H. Hershman, Plaintiffs,**

**v.**

**THORNE, GRODNIK & RANSEL, et al, Defendants.**

Bankruptcy No. 80–30828.
Adv. No. 86–3226.

United States District Court,
N.D.Indiana,
South Bend Division.

June 22, 1987.

Edward A. Zych, South Bend, Ind., for plaintiffs.

John E. Doran, South Bend, Ind., for defendants.

MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This matter is before the district court on the plaintiffs' motion to withdraw reference, for abstention, and for remand to the St. Joseph County, Indiana, Superior Court. The plaintiffs are creditors of Stockert Flying Service, Inc., who filed a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division, on September 8, 1980. On November 10, 1986, the plaintiffs filed a complaint in state court against the defendants, who are debtor's attorneys, for allegedly having mishandled the debtor's assets to the detriment of the plaintiffs.

The plaintiffs' complaint stated that the attorneys' negligence had necessitated the payment of money to a bank for records which had already been paid for, and which would not, but for negligence, have been required. Plaintiffs further alleged negligence in having failed to place assets and proceeds of the debtor in an interest-bearing account, as well as in the selection of an unsuitable individual to serve as controller. Finally, the plaintiffs asserted that the defendants were negligent in agreeing

to pay certain claims and disbursements, in not following the orders of the bankruptcy court, and in breach of fiduciary duty.

In December of 1986, the defendant attorneys succeeded in removing the claim to the Bankruptcy Court. The matter was first set for hearing on January 15, 1987. At the same time the plaintiffs filed a motion to abstain, remand, or withdraw reference. Having heard the parties' arguments on February 18, 1987, the bankruptcy judge recommended that, pursuant to local Rule 45, the district court should deny the plaintiffs' motion for withdrawal of reference, concluding that the state court case amounted to a "core matter" under 28 U.S.C. § 157. Additionally, the judge found that, being aware of no private right of action of a creditor against a debtor's attorneys, the proper relief for the creditor would be the appointment of a trustee under 11 U.S.C. § 1104(a)(1), who would, if warranted, pursue the matter.

By way of response, the plaintiffs filed a request for oral argument and a supportive memorandum on February 26, 1987, arguing against the bankruptcy court's jurisdiction and asserting that the district court should abstain and remand to state court, pursuant to 28 U.S.C. §§ 1334(c) and/or 1452(b). The plaintiffs asserted also, that inasmuch as the defendants' petition for removal averred that the disputed actions were taken pursuant to the bankruptcy judge's "orders and directives", the judge would be a witness and therefore reference should be withdrawn. That issue has since become moot since a different bankruptcy judge now hears the case, as a result of the first judge's recusal. Thus, the issues remaining are the appropriateness of withdrawal of reference on the basis of the plaintiffs' jurisdictional argument, and the necessity or advisability of abstention.

## I.

### JURISDICTION

The court's analysis of the bankruptcy court's jurisdiction must necessarily begin with its own jurisdictional foundation since the former is based on the latter. This court's jurisdiction is established by 28 U.S.C. § 1334(b) as follows:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Section 1452(a), the provision for removal of bankruptcy related cases, completes the foundation for the court's jurisdiction in this case.

Some historical background is helpful in understanding the legislative intent in regard to the bankruptcy court's related jurisdiction. The Bankruptcy Act of 1978 contained a passage identical to 28 U.S.C. § 1334(b) which was codified at 28 U.S.C. § 1471(b), but which was accompanied by the provision that "[t]he Bankruptcy Court ... shall exercise all of the jurisdiction conferred by this section on the district courts." 28 U.S.C. § 1471(c) (1982); *In re Hardwicke Companies Incorporated,* 64 B.R. 113 (S.D.N.Y.1986). This broad delegation of judicial authority by Congress was found not to be in keeping with Article III of the Constitution. *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Congressional response was the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA). *Matter of Elcona Homes Corp.,* 810 F.2d 136 (7th Cir.1987). The BAFJA restructuring contained the above quoted § 1334(b) as well as new jurisdictional provisions relative to bankruptcy judges found at 28 U.S.C. § 157, which provided in part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders

and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

\*    \*    \*    \*    \*    \*

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

The effect of *Northern Pipeline* and BAFJA was to retain the district court's broad jurisdiction in Title 11 matters and to identify the bankruptcy judges as adjuncts of the court. See *Elcona*, 810 F.2d at 139. In keeping with the district court's authority under 28 U.S.C. § 157(a), Local Rule 45 directs the proper procedures in this case:

(a) Matters Determined by the Bankruptcy Judges.

(1) Subject to paragraph (a)(3)(B), all cases under Title 11 of the United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges. It is the intention of this court that bankruptcy judges be given the broadest possible authority to administer cases properly within their jurisdiction, and this rule shall be interpreted to achieve this end.

(2) Pursuant to 28 U.S.C. § 157(b)(1), the bankruptcy judges shall hear and determine all cases under Title 11 and all core proceedings (including those delineated in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in a case under Title 11, and shall enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

(3) The bankruptcy judges shall hear all non-core proceedings related to a case under Title 11.

(A) By consent. With the consent of the parties, a bankruptcy judge shall conduct hearings and enter appropriate orders or judgments in the proceeding, subject only to review under 28 U.S.C. § 158.

(B) Absent Consent. Absent consent of the parties, a bankruptcy judge shall conduct hearings and file proposed findings of fact and conclusions of law and a proposed order or judgment with the bankruptcy clerk....

In summary, the local rule delegates broad authority to the bankruptcy judges and provides that both core and non-core cases shall be *heard*, but that only core cases shall be *determined* by the bankruptcy judge, unless by consent of the parties. Absent consent, the bankruptcy judge must file proposed findings of fact and conclusions of law in non-core cases.

On the basis of 28 U.S.C. § 1334(b), § 157(a) and (b)(1), and the local rule, jurisdiction is found in and authority is delegated to the bankruptcy judge to hear and determine any matter that is more than merely "related to" a Title 11 case. The bankruptcy judge in this case was and is authorized to enter appropriate orders and judgments in any "core proceeding", or any case "arising under" or "arising in a case under" Title 11.

The issue of what constitutes a core matter relates not only to the bankruptcy court's jurisdiction, but to the matter of abstention as well, and will therefore be discussed more fully below.

## II.

## ABSTENTION

The plaintiffs contend that regardless of the issue of jurisdiction, this court either is *required* to abstain from the case under 28 U.S.C. § 1334(c)(2), or *should* abstain pursuant to 28 U.S.C. § 1334(c)(1). The statutory provisions governing abstention are as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11 with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

28 U.S.C. § 1334.

The difficulty which the courts have faced in applying the above provisions in a given factual context is expressed in *Harley Hotels, Inc. v. Rain's International, Ltd.*, 57 B.R. 773, 777 (M.D.Pa.1985):

> The 1984 Amendments provide little guidance as to the meaning of the statutory terminology at issue here. Courts must grapple with the "jurisdictional maze constructed by Congress", *In re S.E. Hornsby & Sons Sand and Gravel Co., Inc.*, 45 B.R. 988, 990 (B.Ct.M.D.La. 1985) in attempting to distinguish "civil proceeding arising under" Title 11 from civil proceedings "arising in a case" under Title 11 and civil proceedings which are merely "related to a case" under Title 11.

Additional light is shed on the distinction between "arising in a case" and "related to" by returning to § 157(b)(1) which states that bankruptcy judges may hear and decide "all core proceedings arising under Title 11" or "arising in a case under Title 11". Drawing from the interaction of § 1334(c)(2) and § 157(b)(1), "related to" has been viewed as interchangeable with "non-core" proceedings. This viewpoint in expressed in *Harley* as follows:

> "Thus, the distinction between 'core' and 'non-core' proceedings is relevant to the abstention issue in that abstention is mandatory only in 'related', that is, non-core matters." *Harley*, 57 B.R. at 778.

Recent cases in this circuit have established that a mere "nexus" or logical relationship between the bankruptcy and a proceeding will not provide a basis for jurisdiction in a "non-core" or "related" case under § 157. See *In re Kubly*, 818 F.2d 643 (7th Cir.1987); *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987); *In re Kilgus*, 811 F.2d 1112 (7th Cir.1987); *In re Chicago, Rock Island & Pacific R.R.*, 794 F.2d 1182 (7th Cir.1986) (Sanborn II). These cases will not apply, however, to a "core proceeding" "arising under" or "arising in a case" under Title 11. The bankruptcy judge determined that the state law claim fell under a listed "core proceeding" as a "matter concerning the administration of the estate", 28 U.S.C. § 157(b)(2)(A) or alternatively (O). This court agrees that the alleged state law cause of action in this case is inextricably linked to the bankruptcy estate as a core matter.

Citing 28 U.S.C. § 1334(c)(2) and *State Bank of Lombard v. Chart House*, 46 B.R. 468 (Bankruptcy N.D.E.Ill.1985), the plaintiffs urge remand to state court because the action is a traditional state law negligence claim. The bankruptcy judge pointed out that a cause of action by a creditor against a bankrupt's attorneys is not a traditionally recognized claim. The plaintiffs assert also that the matter belongs in state court because there exists no other basis for jurisdiction than relatedness to the bankruptcy proceeding. That is true. Likewise true, however, is that *but for* Stockert's filing of bankruptcy and its attorney-client relationship with the defendants, the plaintiffs would have no conceivable basis for their rather dubious state court suit. Additionally, the plaintiffs point out that neither party in the state

court action is the debtor and that no relief was sought under Title 11. Nonetheless, all of the allegations of the complaint attack the handling of the assets which make up the bankruptcy estate. In simple terms, the plaintiffs claim that, had the attorneys conducted themselves differently in managing the bankruptcy estate, there would have been more for them as creditors. The bankruptcy judge properly concluded that if anyone would have a cause of action against the attorneys, it would be the debtor.

On the basis of the facts in this case, and the law applicable thereto, it is the opinion of this court that the bankruptcy judge followed proper procedure in hearing this matter under the provisions of Local Rule 45(b). That rule requires that motions for abstention, remand and withdrawal of reference be brought to the district court upon the recommendation of the bankruptcy judge, N.D.Ind.R. 45(b)(3)(A)(i)(ii) and (iii). Furthermore, pursuant to N.D.Ind.R. 45(b)(3)(B):

> Any such motion shall be filed with the bankruptcy clerk and shall first be heard by a bankruptcy judge. The bankruptcy judge shall make a recommendation concerning the disposition of the motion, copies of which shall be mailed to the parties in accordance with the procedures set forth in subparagraph (a)(3)(B) of this rule. The district judge may accept, reject or modify, in whole or in part, the recommendation of the bankruptcy judge and shall determine the disposition of the motion.

Accordingly the court accepts without modification the recommendation of the bankruptcy judge, finding that the bankruptcy judge properly determined the claim to be a core matter to be both heard and determined by the bankruptcy court. Furthermore, as a core matter, the provisions for mandatory abstention do not apply, and on these facts discretionary abstention would be likely to result in an inappropriate waste of judicial resources. The matter is referred back to the bankruptcy court for entry of any necessary orders and judgments.

The plaintiffs' request for oral argument and their Motion to Withdraw Reference, for Abstention, and to Remand is DENIED. SO ORDERED.