**In re PARKE IMPERIAL CANTON, LTD., Debtor.**

**PARKE IMPERIAL CANTON, LTD., Plaintiff,**

v.

**DEVELOPERS DIVERSIFIED REALTY CORP., et al., Defendants.**

**Bankruptcy No. 93–61004.
Adv. No. 94–6131.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 8, 1994.

Daniel J. McGown, Akron, OH, for debtor.

Bruce R. Schrader II, Roetzel & Andress, Akron, OH, for Developers Diversified Realty Corp.

Debra A. Willet, Porter, Wright, Morris & Arthur, Columbus, OH, for Great West Life and Annuity Ins. Co. and Great West Life Assur. Co.

John A. Hallbauer, Buckley, King & Bluso, Cleveland, OH, for SouthTrust Bank of Central Carolina.

James R. Kandel, Canton, OH, for trustee.

Russ Kendig, Krugliak, Wilkins, Griffiths .& Dougherty, Canton, OH, for Imperial House.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The Debtor, Parke Imperial Canton, Ltd. objects to a Notice of Removal filed by Developers Diversified Realty Corporation, Great West Life and Annuity Insurance Company, Great West Life Assurance Company and SouthTrust Bank of Central Carolina (collectively, the Removers). The Debtor also moves that the complaint be remanded to the state court and/or that this court abstain from hearing the complaint. The court conducted a hearing and took the matter under advisement.

### I.

### FACTS

The Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code on May 19, 1993. The court approved the Debtor's Third Amended Disclosure Statement on April 28, 1994. Under its plan of reorganization, the Debtor sought to restructure its debt and continue operating its hotel. On September 16, 1994, the court approved an Amended Disclosure Statement filed by Great West Life & Annuity Insurance Company (Great West) and SouthTrust Bank of Central Carolina (SouthTrust) (collectively, the Proponents). Under the Proponents' plan, the Debtor would sell substantially all of its assets to Developers Diversified Realty Corporation (DDR), which in-

tends to demolish the hotel and construct a retail shopping center.

The court held a lengthy evidentiary hearing to consider confirmation of either of these plans and, on November 4, 1994, entered an order granting confirmation of the Proponents' plan and denying confirmation of the Debtor's plan.

Prior to the confirmation hearing, specifically on October 17, 1994, the Debtor filed a complaint in the Court of Common Pleas of Summit County, Ohio. The complaint alleges that the Removers tortiously interfered with the Debtor's contract rights, committed oral and written defamation, and conspired to deal in and with the property of another without right. The facts underlying these allegations are primarily related to the Proponents' plan of reorganization and the associated sales agreement entered into by DDR and the Proponents, including negotiations with prospective tenants for the new shopping center, announcements of the possible sale to DDR and negotiations with owners of real estate adjacent to the Debtor's property.

The Removers filed a Notice of Removal of the state court action to this court on October 28, 1994. The Debtor responded with the present objection and motion on November 8, 1994.

## II.

## DISCUSSION

### A.

### INTRODUCTION

■ Initially, the court notes that abstention and remand apply in different circumstances. A bankruptcy court may abstain from hearing a case when another court, state or federal, has concurrent jurisdiction over the related matter and, in the interest of justice, the matter should be heard by the other court. A bankruptcy court may remand a case removed to it when equity dictates that the case should be heard by another court. In this situation, the proper issue would appear to be whether the court should remand this case to the state court, rather than whether abstention is appropriate. However, because counsel for the Debtor has argued that abstention is one of the grounds for remand, we will analyze both abstention and remand issues. *See Murray v. On–Line Business Systems, Inc. (In re Revco D.S., Inc.)*, 99 B.R. 768 (N.D.Ohio 1989) (holding that mandatory abstention may apply to actions removed to bankruptcy court pursuant to 28 U.S.C. § 1452(a)).

### B.

### REMOVAL

The first issue to be addressed is whether removal from the state court to this court is proper. Removal is governed by 28 U.S.C. § 1452(a) which in pertinent part provides:

> A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [title 28].

Section 1334 establishes four categories of proceedings which are within the jurisdiction of the district court: (1) cases under title 11, (2) civil proceedings arising under title 11, (3) civil proceedings arising in a case under title 11, and (4) civil proceedings related to a case under title 11.[1]

The first category merely refers to the bankruptcy petition itself. *Michigan Employment Security Commission v. Wolverine Radio Company (In re Wolverine Radio Company )*, 930 F.2d 1132, 1141 (6th Cir. 1991) (citation omitted). The second category provides that bankruptcy courts will be able to hear "any matter under which a claim is made under a provision of title 11." *United Security & Communications, Inc. v. Rite*

---

1. Section 1334 in pertinent part provides:
   (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
   (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*Aid Corporation (In re United Security & Communications, Inc.)*, 93 B.R. 945, 950 (Bankr.S.D.Ohio 1988) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess., 445–46, *reprinted in* 1978 U.S.C.C.A.N. 5787, 6400–01). The third category refers to "administrative" matters that arise only in bankruptcy and "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96–97 (5th Cir.1987). The fourth category has been broadly defined by the Sixth Circuit. A proceeding is related to a case under Title 11 if the outcome of that proceeding "could conceivably have any effect upon the estate being administered in bankruptcy" unless the connection to the estate is "extremely tenuous." *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir.1986) (adopting reasoning in *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).

The court finds that it has jurisdiction over the Debtor's complaint under Section 1334. The complaint is at least "related to" the Debtor's Title 11 case because it is conceivable that the resolution of the complaint will have an effect on the Debtor's estate. As the Debtor has indicated, any amount recovered under the complaint would be paid to the Debtor's creditors and interest holders as provided under the terms of the confirmed plan of the Proponents. In addition, many of the underlying facts alleged in the complaint involve the Debtor's bankruptcy case. Because this court has jurisdiction under Section 1334, removal was proper. The court turns, then, to whether it should refuse to hear the matter despite the existence of proper jurisdiction in the United States District Court for this district and, by General Order 84 of that court, in this bankruptcy court.

## C.

### ABSTENTION

#### 1.

##### In General

Abstention is governed by 28 U.S.C. § 1334(c) which in pertinent part provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under [section 1334], the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction . . . .

The court is mindful of the fact that its analysis must comport with the constitutional principles set forth in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

#### 2.

##### Mandatory Abstention

Section 1334(c)(2) provides the requirements for mandatory abstention. The Debtor's motion for abstention was timely filed. This court would not have jurisdiction of the complaint absent jurisdiction under Section 1334 because neither diversity of citizenship, a federal question nor any other basis for federal subject matter jurisdiction exists. A proceeding in state court existed before being removed to this court. Thus, the only condition for mandatory abstention which must be analyzed is whether the proceeding is "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." Proceedings which are "related to a case under title 11" are non-core; those which "arise under title 11" or "arise in a case under title 11" are core. Therefore, the determination of whether this final condition is satisfied depends on whether the proceeding is core or non-core. *See In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st

Cir.1987); *In re Harbour*, 60 B.R. 370 (W.D.Va.1985).

Although the Debtor's complaint asserts state law causes of action, 28 U.S.C. § 157(b)(3) provides that a "determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." Thus, this court is not precluded from adjudicating state-law claims when those claims are at the "heart of the administration of the bankrupt estate." *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990), *cert. granted*, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated*, 924 F.2d 36, *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).

■ Because the legislative history of Section 157 indicates that Congress intended to have "core proceeding" interpreted broadly,[2] a proceeding will be determined to be core unless it appears that it contains the required characteristics of a non-core proceeding. A non-core proceeding is one filed in the bankruptcy court alleging a cause of action which:

(1) is not *specifically* identified as a core proceeding under § 157(b)(2)(B) through (N),

(2) existed prior to the filing of the bankruptcy case,

(3) would continue to exist independent of the provisions of title 11, and

(4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case.

*Commercial Heat Treating of Dayton, Inc. v. Atlas Industries, Inc. (In re Commercial Heat Treating of Dayton, Inc.)*, 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987).

■ There is no specific identification of the present proceeding in the non-exclusive listing of core actions in Section 157(b)(2). In addition, the cause of action would continue to exist independent of the provisions of the Bankruptcy Code. However, the Debtor's cause of action relates to transactions that occurred after it filed its bankruptcy case. A significant number of courts have concluded that causes of action which arose post-petition are core because they arose "in a case." *See e.g., In re Ben Cooper Inc.*, 896 F.2d 1394 (2d Cir.1990) (action on post-petition insurance contract relating to post-petition fire was a core matter); *In re Arnold Print Works*, 815 F.2d 165 (debtor-in-possession's post-petition action to collect a post-petition account receivable was a core matter); *In re Hughes–Bechtol, Inc.*, 132 B.R. 339 (Bankr.S.D.Ohio 1991), *aff'd* 144 B.R. 755 (S.D.Ohio 1992) (debtor's action alleging breach of construction contract entered into by debtor prepetition but substantially performed by debtor post-petition was a core matter); *Rafoth v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania (In re Baker and Getty Financial Services, Inc.)*, 88 B.R. 137 (Bankr.N.D.Ohio 1988) (action to determine whether debtor's post-petition loss was covered by post-petition securities dealer blanket bond was a core matter); *Hershman v. Thorne, Grodnik & Ransel (In re Stockert Flying Service, Inc.)*, 74 B.R. 704, 708 (N.D.Ind.1987) creditor's claim against debtor's attorney for mishandling debtor's estate was a core matter. Thus, the court concludes that the Debtor's complaint is a core proceeding and therefore, mandatory abstention is not applicable.

*3.*

*Discretionary Abstention*

Section 1334(c)(1) provides that a court may abstain from hearing a matter in certain circumstances in which abstention is not mandatory. Initially, as part of its analysis of whether discretionary abstention is proper, the court notes that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, *reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* 424 U.S. at 813–14, 96 S.Ct. at 1244 (citation omitted).

---

2. *In re Arnold Print Works, Inc.*, 815 F.2d at 168.

The legislative history of Section 1334 is sparse and thus, courts have looked to the legislative history of its predecessor, 28 U.S.C. § 1471(d), which contains very similar language. The legislative history of Section 1471(d), and thus Section 1334, indicates that Section 1334(c) "summarizes and incorporates federal non-bankruptcy abstention doctrines." *Coker v. Pan American World Airways, Inc.* (*In re Pan American Corp.*), 950 F.2d 839, 846 (2d Cir.1991) (citations omitted). Thus, we will look to the case law relating to general federal judicial abstention.

The United States Supreme Court has identified six factors which a court should consider when determining whether discretionary abstention is proper:

(1) convenience of the federal forum; (2) avoidance of piecemeal litigation; (3) the order in which the courts obtained jurisdiction; (4) whether either court has assumed jurisdiction over property; (5) the source of law for the decision; and (6) whether the state court can adequately protect the rights of the party seeking federal jurisdiction.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 17–19, 103 S.Ct. 927, 937–38, 74 L.Ed.2d 765 (1983); *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. The nature of our inquiry is not whether there are reasons to exercise federal jurisdiction, but rather whether there are "exceptional" circumstances that justify dismissal in deference to a pending state court proceeding. *Cone Memorial Hospital*, 460 U.S. at 25–26, 103 S.Ct. at 941–42.

First, this court will be a convenient forum. The Debtor's bankruptcy case has been pending here for more than 18 months. The major parties in the present proceeding have appeared before this court in relation to various matters over that time period. The court, as discussed above, has concluded that this proceeding is a core proceeding.

Many of the factual allegations underlying this matter have been before this court. The Debtor is alleging that the Removers tortiously interfered with its contractual rights

in proposing and pursuing confirmation of the Proponents' plan of reorganization. It is also alleging that the Removers committed defamation and conspired against the Debtor in the process of proposing and pursuing confirmation of the Proponents' plan. This court presided over the disclosure hearing on the Proponents' plan and, of course, it also presided over the hearing which ultimately resulted in the confirmation of that plan. The resolution of this matter will involve many issues relating to these previous proceedings before this court.

Second, there are concerns relating to the potential of piece-meal litigation. With the Bankruptcy Code, Congress created a uniform federal law which governs the administration of a bankruptcy estate. To the extent it is a core matter of that administration, as previously concluded, a matter should be heard by a bankruptcy court. Fragmented, and thus wasteful, litigation problems may arise if this matter is heard by the state court.

Third, it is true that the state court obtained jurisdiction in this matter prior to this court.[3] However, the case has not progressed in either court. Thus, there is no issue over wasting time and effort invested to date by either court. *See Cone Memorial Hospital*, 460 U.S. at 21–22, 103 S.Ct. at 939–40.

Fourth, although this court has assumed jurisdiction over the property of the Debtor's estate, neither court has assumed jurisdiction over the property which is at issue in this matter.

Fifth, the source of law for the decision in this matter is a mixture of federal and state law. The Debtor's asserted causes of action, tortious interference with contract rights, defamation and conspiracy, are based on state law. However, whether the Debtor has a valid cause of action on any or all of these claims will depend, in part, on whether the Removers' actions exceeded those provided for by the Bankruptcy Code relating to proposing and confirming a plan of reorganization. If the Removers' did not go beyond the rights accorded them by the Bankruptcy

---

**3.** The Debtor filed its complaint in state court on October 17, 1994. The Removers filed an application to remove that action to this court on November 28, 1994.

Code, the Debtor's action must fail because of the supremacy of federal law.

Sixth, there is no indication that the state court cannot adequately protect the rights of the Removers.

From the above analysis, the court concludes that discretionary abstention is not proper in this matter. The conclusions that the federal bankruptcy forum is convenient and that this matter is core outweigh any factors which might indicate that discretionary abstention is appropriate.

## D.

### REMAND

■ Remand is governed by 28 U.S.C. § 1452(b) which in pertinent part provides: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

Initially, it is noted that this court's duty pursuant to federal law and the specific directive contained in the Standing Order of Reference entered in this district requires it to determine matters properly before it, absent extraordinary circumstances. *Hughes–Bechtol, Inc. v. Air Enterprises, Inc. (In re Hughes–Bechtol, Inc.)*, 107 B.R. 552, 560 (Bankr.S.D.Ohio 1989). A determination of whether remand is appropriate implicates an analysis of the following factors:

> (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally.

*Baren v. Devon Bank (In re Baren)*, 47 B.R. 39, 42–43 (Bankr.N.D.Ill.1984), *aff'd* 48 B.R. 752 (N.D.Ill.1984) (citation omitted). Many of these issues were addressed above in the discussion relating to discretionary abstention.

As noted, the Debtor's bankruptcy case has been pending before this court for more than 18 months. Many of the facts underlying the Debtor's complaint relate to the proposal and confirmation of the Proponents' plan of reorganization. Thus, this court has already committed significant resources to this matter in contrast to the state court which has not as yet been called upon to involve itself in any important way.

Second, the Debtor will not be prejudiced if this matter is not remanded to the state court.[4] The Debtor voluntarily submitted to the jurisdiction of this court when it filed its Chapter 11 petition. Although the Debtor, as its counsel has argued, did not lose its right to file suit in state court, it did lose such right as to core matters of its bankruptcy case.

Third, the federal bankruptcy forum is the most convenient court for this matter. The major parties have appeared before this court in relation to numerous other issues in the Debtor's bankruptcy case. In addition, many of the underlying facts have previously been before this court.

Fourth, as discussed above, the source of law for any decision here is a mixture of federal and state law. The asserted causes of action are based on state law, but many of the related issues involve federal bankruptcy law. In addition, the matters of state law are not unsettled. *See Thomas v. Magnolia Petroleum Company*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

Fifth, the court is aware of the respect it must show to state courts. However, the interests of a state court are trumped by the interests of a federal bankruptcy court in adjudicating core bankruptcy matters. *See In re Hughes–Bechtol, Inc.*, 132 B.R. 339 (Bankr.S.D.Ohio 1991), *aff'd*, 144 B.R. 755 (S.D.Ohio 1992).

Sixth, there is an increased likelihood of inconsistent results if the case is remanded to the state court.

Seventh, the common pleas court does not possess any unique expertise in the area of tortious interference with contract, defama-

---

**4.** The Debtor is the only party to object to removal. Any other parties have waived their right to object and cannot claim prejudice as a result of the removal.

tion or conspiracy. This court does, however, possess expertise in the area of bankruptcy law.

From the above analysis, the court concludes that remand is not proper for this matter. The interest of economical use of judicial resources, the fact that the federal bankruptcy forum is convenient and the existence of significant federal bankruptcy issues outweigh any countervailing interests in remanding it to the state court.